UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCES A. MCNEAL-PAGE, | ) | CASE NO.1:05CV894 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| DEGUSSA ADMIXTURES, INC., | ) | **MEMORANDUM AND OPINION** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Degussa Admixtures. Inc.'s ("Degussa") Motion for Summary Judgment (ECF # 32). For the following reasons, the Court grants Defendant's Motion.

Plaintiff is an African-American female over the age of fifty, employed by Defendant as a Government Approvals Manager. Plaintiff was employed by Defendant and its predecessor company for over thirty years. the greater portion of her employment in Cleveland, Ohio. In 2002, Plaintiff was placed on assignment to Defendant's office in Texas at Plaintiff's request. She remained in Texas until July 16, 2004, when her position with Defendant was terminated. Plaintiff alleges her position was subsequently divided between two white males. Plaintiff's

1

Amended Complaint alleges improper discrimination based on race, sex and age in violation of federal and Ohio law.

Defendant contends Plaintiff's employment was terminated due to a reduction in force recommended by a third-party consulting firm. Defendant denies any discriminatory intent claiming the reduction in force was necessary to sustain profitability.

## **STANDARD OF REVIEW**

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323. A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond,

2

>summary judgment, if appropriate, shall be entered against the adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985). However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317). Furthermore, this Court is not required "to search the entire record to establish that it is bereft of a genuine issue of material fact." *Betkerur v. Aultman Hospital Ass'n*, 78 F.3d 1079, 1087 (6th Circ. 1996). "Rather, the burden falls on the non-moving party to designate specific facts or evidence in dispute." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986).

### Discrimination based on Race and Sex

Title VII of the United States Code makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. 2000e-2(a)(1). Title VII claims are analyzed similarly to claims brought under Ohio Revised Code section 4112. *See Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1020 (6th Cir. 2000).

"A plaintiff may establish a prima facie case of discrimination either by presenting direct evidence of intentional discrimination by the defendant, or by providing circumstantial evidence which creates an inference of discrimination." *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004). "Mere personal belief, conjecture and speculation are insufficient to support an inference

3

of...discrimination." *Woythal v. Tex-Tenn Corp.,* 112 F.3d 243, 247 (6th Cir. 1997).

Direct evidence is evidence "which, if believed, proves the existence of improper discrimination animus without inference or presumption." *Williams v. United Dairy Farmers,* 20 F. Supp.2d 1193, 1198 (S. D.Ohio 1998). In *Talley v. Bravo Pitino Rest.,* 61 F.3d 1241, 1248-49, (6th Cir. 1995), the Sixth Circuit provided examples of direct evidence of racial animus. These included racial slurs by a manager, a principal stating a "white presence" needed to be maintained in a recently integrated school to prevent white flight, and employee testimony that managers made derogatory racial remarks about blacks. Discriminatory remarks by a manager may be evidence of discrimination even if the manager was not the ultimate decision maker. *Ercegovich v. Goodyear Tire and Rubber Co.,* 154 F.3d 344, 354-55 (6th Cir. 1998). However, in *LaPointe v. United Autoworkers Local 600,* 8 F.3d 376, 380 (6th Cir. 1993), the Sixth Circuit stated "[c]ase precedent clearly reflects that isolated and ambiguous statements ⋯ are too abstract, in addition to being irrelevant and prejudicial" to support a discrimination claim. "Direct evidence generally requires unmistakable verbal assertions that the plaintiff was treated adversely because of his race." *Paasewe v. Ohio Arts Council,* 74 Fed.Appx. 505, 507 (6th Cir. 2003) citing *Smith v. Chrysler Corp.,* 155 F.3d 799, 805 (6th Cir.1998).

It is undisputed there is no direct evidence of discrimination. Plaintiff admitted in deposition no one at Degussa discriminated against her on the basis of her race, sex or age, prior to her termination. (McNeal-Page pp.67-68). Rather, Plaintiff's claim is based solely on her allegations her position was divided between two white males and she was treated differently than similarly situated non-protected class employees.

## McDonnell Douglas/Burdine Analysis

In the absence of direct evidence of discrimination, the Court will apply the *McDonnell Douglas/Burdine* burden shifting analysis. It is plaintiff's burden to prove a prima facie case of discrimination by his or her employer. *McDonnell Douglas Corporation v. Green,* 411 U.S. 792, 802. (1973). *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252-53, (1981). Upon plaintiff making a prima facie showing of discrimination, the burden "shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.' " *Id.* at 253, (quoting *McDonnell,* 411 U.S. at 802). "[S]hould the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.* "To establish a prima facie case of discrimination based upon circumstantial evidence, Plaintiff must show that he (1) "is a member of a protected group," (2) "was subject to an adverse employment decision," (3) "was qualified for the position, and (4) "was replaced by a person outside of the protected class." *Kline v. Tennessee Valley Auth.,* 128 F.3d 337, 349 (6th Cir.1997). In addition, under section (4) Plaintiff may meet her burden by showing she was treated differently than similarly situated non-protected employees. See *Wade v. Knoxville Utils. Bd.,* 259 F.3d 452, 461 (6th Cir. 2001). The burden of establishing a prima facie case under *McDonnell Douglas* is not onerous. *Burdine,* at 251. "A prima facie case of discrimination in a reduction in force case requires proof that the plaintiff was part of a protected class, that she was qualified to perform the job and that she was discharged; in addition, the plaintiff must produce 'additional direct, circumstantial, or

5

statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons.'" *Gragg v. Somerset Technical College*, 373 F.3d 763, 767 (6th Cir.2004), quoting *Barnes v. Gencorp, Inc.*, 896 F.2d 1457, 1465 (6th Cir. 1990). "'The guiding principle [in a reduction in force case] is that the evidence must be sufficiently probative to allow a factfinder to believe that the employer intentionally discriminated against the plaintiff because of age' or gender." *Gragg* at 767-68 quoting *Barnes* at 1466.

### Analysis of Title VII Claims

Defendant has submitted the Declaration of Lisa Shuld, Director of Human Resources for Degussa. Her declaration attests Plaintiff's termination was the result of an inability of Degussa to sustain profitability. (Shuld dec. pg. 2). Furthermore, the deposition of Charles Nmai, a supervisor with Degussa, reveals Plaintiff was not replaced by a person outside the protected class. Rather, her duties were divided between two current Degussa employees who were degreed engineers, whereas Plaintiff lacks a college degree.

Plaintiff has offered no evidence in support of her allegations. She did not supply a timely affidavit, she does not cite to relevant deposition testimony or attach any documentary evidence to support her claims. She names individuals she alleges were similarly situated to her and were not terminated, yet she fails to offer any evidence to support this contention or contradict the evidence supplied by Defendant. Furthermore, Defendant has provided evidence Plaintiff's duties were divided between two current Degussa employees. This circuit has held, "a person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work." *Barnes v. Gencorp, Inc.*, 896 F.2d 1457, 1465 (6th Cir. 1990).

6

Without evidence to create a genuine issue that Plaintiff was, in fact, replaced by a non-protected class employee, Plaintiff has failed to make a prima facie case of race or gender discrimination and her Title VII claims fail as a matter of law. Furthermore, as this is a reduction in force case, Plaintiff has failed to provided the merest scintilla of evidence that would allow the factfinder to infer she was singled out for termination due to improper motives.

### Age Discrimination

The Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 *et seq.*, prohibits employment discrimination based on age. "Congress' promulgation of the ADEA was prompted by its concern that older workers were being deprived of employment on the basis of inaccurate and stigmatizing stereotypes." *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 610 (1993). "Claims under the ADEA are typically analyzed within the framework set forth in *McDonnell Douglas*." *Bush v. Dictaphone Corp.,* 161 F.3d 363, 368 (6th Cir.1998). Plaintiff must establish a prima facie case of age discrimination when she has failed to offer evidence of direct discrimination. Plaintiff must show: "(1) he was at least 40 years old at the time of the alleged discrimination, (2) he was qualified for the job, (3) he suffered an adverse employment action, and (4) he was replaced by someone substantially younger." *Browning v. Dep't of the Army,* 436 F.3d 692, 695 (6th Cir. 2006). "However, in 'reduction in force' cases like this one, the fourth prong is modified so that the plaintiffs must provide 'additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons.'" *Rowan v. Lockheed Martin Energy Systems, Inc.,* 360 F.3d 544, 547 (6th Cir. 2004) quoting *Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344, 350 (6th Cir.1998).

7

## ANALYSIS

Plaintiff offers no evidence to contradict the evidence presented by Defendants. Therefore, Plaintiff has not created a genuine issue of fact she was either replaced by a person outside the protected class, was treated differently than similarly situated employees or singled out for impermissible reasons. Nor has Plaintiff met the heightened evidentiary requirement in reduction in force cases sufficient to make a prima facie age discrimination claim under the ADEA. She has offered no direct, circumstantial or statistical evidence supporting her disparate treatment claims. Without such evidence, Plaintiff has failed to make a prima facie case of unlawful discrimination based on race, sex, or age under Title VII. "Speculation and hunches" are insufficient means of creating a genuine issue of fact. See *Hartsel v. Keys*, 87 F.3d 795, 802 (6th Cir. 1996). In the absence of any acceptable means of proof in support of her Brief in Opposition to Defendant's Motion for Summary Judgment, the Court finds Plaintiff has failed to create any genuine issue of material fact upon which a jury could find for Plaintiff. Therefore, the Court grants Defendant's Motion for Summary Judgment on Plaintiff's discrimination claims under Title VII and the ADEA.

### Plaintiff's §1981 and State Law Claims

42 U.S.C. §1981 states in pertinent part: "[a]ll persons ... shall have the same right ... to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.' The Sixth Circuit has held "[t]he elements of [a] *prima facie* case as well as the allocations of the burden of proof are the same for employment claims stemming from Title VII and 1981." *Aquino v. Honda of America, Inc.*, 158 Fed. Appx. 667, 674 (6th Cir. 2005). Since Plaintiff's

8

claims of discrimination under 42 U.S.C. §1981 are analyzed using the same criteria and burdens of proof as discrimination claims under Title VII, this Court finds Plaintiff's §1981 claims suffer the same shortcomings and fail for the same reasons described in this Court's analysis of Plaintiff's Title VII claims. See *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 868 (6th Cir. 2001).

Finally, Plaintiff's state law race and sex discrimination claims are likewise analyzed under the same standards as Title VII claims and fail for the same reasons.

Therefore, the Court grants summary judgment for Defendant on all Plaintiff's claims and the case is removed from the Court's active docket.

IT IS SO ORDERED.

5/22/07
Date

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
United States District Judge

*Not for Publication

FILED
MAY 22 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

9